# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**RYAN W. MASSENGILL,**

                    **Petitioner,**

       **v.**                                               CASE NO. 21-3155-SAC

**STATE OF KANSAS,**

                      **Respondent.**

## NOTICE AND ORDER TO SHOW CAUSE

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2241. Petitioner, a prisoner in state custody, proceeds pro se. The Court has examined the petition and orders Petitioner to show cause why his petition should not be dismissed for failure to exhaust available state remedies.

According to the petition before the Court, Petitioner was convicted in state court and sentenced to a term of probation that he alleges ended on January 24, 2021. (Doc. 1, p. 2.) On March 15, 2021, however, the district court found that Petitioner had violated the terms of his probation on March 3, 2021, and revoked his probation, which resulted in Petitioner's current incarceration. *Id.* Petitioner contends that he is being illegally incarcerated for an alleged probation violation that occurred after his term of probation ended; that the district court's jurisdiction over him ended on January 24, 2021; and that there are clerical errors in a relevant journal entry. *Id.* at 6.

"Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. In

other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). *See Woodford v. Ngo*, 548 U.S. 81, 92 (2006). Although 28 U.S.C. § 2241 does not contain an explicit exhaustion requirement, exhaustion of available remedies is required for petitions brought under § 2241. *See Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000)("A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or §2254."); *see also Wilson v. Jones*, 430 F.3d 1113, 1117 (10th Cir. 2005) (noting habeas petitioner seeking relief under § 2241 is required to first exhaust available state remedies, absent a showing of futility). "The exhaustion of state remedies includes both administrative and state court remedies." *Hamm v. Saffle*, 300 F.3d 1213, 1216 (10th Cir. 2002).

In the Tenth Circuit, a petitioner may satisfy the exhaustion requirement by showing either (1) "that a state appellate court has had the opportunity to rule on the same claim presented in federal court," or (2) "that at the time he filed his federal petition, he had no available state avenue of redress." *Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992). Petitioner bears the burden to show he has exhausted available state remedies. *See Olson v. McKune*, 9 F.3d 95, 95 (10th Cir. 1993).

In this case, Petitioner states that he sought relief from the district court judgment by sending letters to two attorneys, a judge, and the district court. (Doc. 1, p. 2.) He gives no indication, however, that he has presented his claim to any Kansas appellate court by pursuing an appeal from his probation revocation.

Petitioner does not allege that he filed a notice of appeal from his probation revocation. See K.S.A. 22-3602(a) ("Except as otherwise provided, an appeal to the appellate court having jurisdiction of the appeal may be taken by the defendant as a matter of right from any judgment against the defendant in the district court."); *see also* Kan. S. Ct. Rule 2.02 ("In a case in which a direct appeal to the Supreme Court is not permitted, the notice of appeal must be filed in the district court, be under the caption of the district court case, and be in substantial compliance with the judicial council form."). Kansas appellate courts often consider appeals from judgments revoking probation and ordering incarceration. *See State v. Alonzo*, 296 Kan. 1052, 1053-54, 297 P.3d 300 (2013) (considering appeal arguing that the district court lacked jurisdiction to revoke probation); *State v. James*, 2021 WL 8340003, at *1 (Kan. Ct. App. 2021) (same).

In addition, it appears that there may be other state court remedies potentially available for petitioner. Under K.S.A. 22-3504, Kansas courts "may correct an illegal sentence at any time while the defendant is serving such sentence." K.S.A. 22-3504(a). In that context, an "illegal sentence" includes sentences "[i]mposed by a court without jurisdiction." K.S.A. 22-3504(c)(1). K.S.A. 22-3504(b) allows Kansas state courts to correct "[c]lerical mistakes in judgments . . . at any time."

Thus, this court cannot rule out the possibility that the Kansas state courts would entertain Petitioner's claim. It is therefore appropriate that this Court dismiss the petition without prejudice to allow Petitioner to exhaust his state remedies. See *Anderson v. Bruce*, 28 F. App'x 786, 788 (10th Cir. 2001). The Court

will allow Petitioner the opportunity to show good cause why his petition should not be dismissed without prejudice with the opportunity to refile after he has exhausted available state court remedies.

**IT IS THEREFORE ORDERED** that Petitioner is granted until **August 6, 2021,** to show good cause, in writing, why his Petition should not be dismissed without prejudice. The failure to file a response may result in the dismissal of this matter without additional prior notice.

**IT IS SO ORDERED.**

DATED:  This 6th day of July, 2021, at Topeka, Kansas.


S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge