IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**RYAN W. MASSENGILL,**

                    **Petitioner,**

        v.                                        CASE NO. 21-3155-SAC

**STATE OF KANSAS,**

                    **Respondent.**

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner's motions to proceed *in forma pauperis* and his response to the Court's Notice and Order to Show Cause (NOSC). The motions to proceed *in forma pauperis* (Doc. 2 and 6) are granted. In addition, now that Petitioner has clarified the procedural posture of his state-court proceedings, the Court will direct Petitioner to show cause why this matter should not be dismissed under the *Younger* abstention doctrine.

Petitioner filed his initial pleading on June 30, 2021. (Doc. 1.) The Court examined the petition and believed that the Kansas state court had revoked Petitioner's probation. (See Doc. 4, p. 1.) Based on that understanding, which turned out to be incorrect, the Court issued an NOSC on July 6, 2021, directing Petitioner to show cause why his petition should not be dismissed without prejudice for failure to exhaust available state remedies. *Id.* at 4. The NOSC explained that there appeared to be available state remedies, such as a direct appeal or a motion to correct illegal sentence, by which Petitioner could challenge the revocation through state courts.

Petitioner promptly filed his response, correcting the Court's misunderstanding that his probation had been revoked and clarifying the facts underlying the petition. (Doc. 7.)

As the Court now understands it, on January 24, 2020, Petitioner was sentenced in state court to 12 months of probation. (Doc. 7-1, p. 2.) The State of Kansas later alleged that Petitioner violated the terms of his probation and on August 7, 2020, Petitioner attended a hearing regarding that alleged violation. *Id.* The state district court ordered him to serve 14 days in jail and to reenter a residential program when a bed became available. *Id.* The journal entry that memorialized that hearing reflected that the district judge extended Petitioner's probation by three months, but Petitioner contends that no such extension occurred. *Id.* According to Petitioner's calculations, therefore, his term of probation ended on January 24, 2021. (Doc. 7, p. 1.)

On March 15, 2021, the State of Kansas filed a motion to revoke Petitioner's probation, alleging that he had violated the terms of his probation on March 3, 2021. *Id.* Petitioner was arrested on March 31, 2021 and has been jailed since, awaiting a probation revocation hearing. *Id.* at 1-2.

In his response to the NOSC, Petitioner also informs the Court that he recently filed a motion in state district court requesting a hearing and seeking to "dismiss revocation, correct illegal sentence, and/or correct journal entry." *Id.* Therein, Petitioner argued to the state district court that his term of probation ended prior to the alleged violations occurring—the same argument he makes in the petition now before this Court. (Doc. 7-1, p. 2.) Petitioner informs this Court that the state district court declined to

scheduling a hearing on the matter, so Petitioner contends that he has now exhausted all available state court remedies. The Court's reference in the NOSC to a motion to correct illegal sentence was premised on the erroneous belief that the state court had revoked Petitioner's probation and ordered him to serve his underlying prison sentence.

Because Petitioner's probation revocation proceedings are ongoing in the state courts, however, it appears that this Court should abstain from intervening in the matter. Principles of comity dictate that absent unusual circumstances, a federal court is not to intervene in ongoing state criminal proceedings unless "irreparable injury" is "both great and immediate." *Younger v. Harris*, 401 U.S. 37, 46 (1971). Under *Younger*, federal courts must abstain from exercising jurisdiction when the following conditions are met:  "(1) there is an ongoing state criminal, civil, or administrative proceeding; (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies." *Winn v. Cook*, 945 F.3d 1253, 1258 (10th Cir. 2019). "*Younger* abstention is 'non-discretionary . . . absent extraordinary circumstances,' if the three conditions are indeed satisfied." *Brown ex rel. Brown v. Day*, 555 F.3d 882, 888 (10th Cir. 2009) (quoting *Amanatullah v. Co. Bd. of Med. Examiners*, 187 F.3d 1160, 1163 (10th Cir. 1999)).

Even liberally construing the petition in this case, as is appropriate since Petitioner is proceeding pro se, and considering the additional facts set forth in Petitioner's response to the NOSC,

it appears that all three conditions are met in this case. First, the probation revocation proceeding that Petitioner challenges as invalid is ongoing. Second, the state court provides an adequate forum for Petitioner to raise his claim that his term of probation expired before the alleged violations occurred. Third, "[t]he state has an important interest in seeing its criminal statutes enforced and its state criminal procedures followed," including the procedures for revoking probation. *See Van De Mark v. Johnson County, Kansas*, 2002 WL 31928432, *2 (D. Kan. 2002).

Petitioner is therefore directed to show cause, in writing, on or before August 23, 2021, why this matter should not be summarily dismissed without prejudice. The failure to file a timely response will result in this matter being dismissed without further prior notice to Petitioner.

**IT IS THEREFORE ORDERED** that Petitioner is granted to and including August 23, 2021, to show cause why the petition should not be dismissed without prejudice pursuant to the *Younger* doctrine.

**IT IS FURTHER ORDERED** that Petitioner's motions to proceed *in forma pauperis* (Doc. 2 and 6) are **granted**.

**IT IS SO ORDERED.**

DATED:  This 23rd day of July, 2021, at Topeka, Kansas.

S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge