**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**RYAN W. MASSENGILL,**

                **Petitioner,**

       v.                                   **CASE NO. 21-3155-SAC**

**STATE OF KANSAS,**

                **Respondent.**

**MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner's most recent response to the Court's Notice and Order to Show Cause (NOSC). Because it appears that perhaps Petitioner has not received the Court's most recent NOSC, the Court will direct the clerk to resend the NOSC and the Court will allow further time for Petitioner to respond.

Petitioner filed his initial pleading on June 30, 2021. (Doc. 1.) The Court examined the petition and believed that the Kansas state court had revoked Petitioner's probation. (See Doc. 4, p. 1.) Based on that understanding, which turned out to be incorrect, the Court issued an NOSC on July 6, 2021, directing Petitioner to show cause why his petition should not be dismissed without prejudice for failure to exhaust available state remedies. *Id.* at 4. The NOSC explained that there appeared to be available state remedies, such as a direct appeal or a motion to correct illegal sentence, by which Petitioner could challenge the revocation through state courts.

Petitioner filed his response on July 21, 2021, correcting the Court's misunderstanding that his probation had been revoked and

clarifying the facts underlying the petition. (Doc. 7.) After reviewing the response, the Court issued a second NOSC on July 23, 2021, relating the facts as it now understands them and ordering Petitioner to show cause why this action should not be dismissed under the doctrine articulated in *Younger v. Harris*, 401 U.S. 37, 46 (1971). (Doc. 8.) Generally speaking, *Younger* prohibits federal courts from exercising jurisdiction when certain conditions are met; those conditions appear to be met in this case. The Court thus directed Petitioner to show cause, in writing, on or before August 23, 2021, why this matter should not be summarily dismissed without prejudice.

On August 2, 2021, the Court received a letter from Petitioner (Doc. 9) that asserted Petitioner had not received any response from the Court to his July 22, 2021 response to the first NOSC. Petitioner asked the Court to instruct him how to proceed further with the case. *Id.* Since it appears that Petitioner, through no fault of his own, did not receive the Court's second NOSC, dated July 23, 2021, the Court will direct the Clerk to transmit a copy of that order to Petitioner. The Court also extends the deadline by which Petitioner must respond to that NOSC to and including October 1, 2021.

**IT IS THEREFORE ORDERED** that Petitioner is granted to and including October 1, 2021, to show cause why the petition should not be dismissed without prejudice pursuant to the *Younger* doctrine. The Clerk shall transmit to Petitioner a copy of the Court's July 23, 2021 Notice and Order to Show Cause (Doc. 8).

**IT IS SO ORDERED.**

DATED:  This 31st day of August, 2021, at Topeka, Kansas.

                                              S/ Sam A. Crow

                                              SAM A. CROW
                                              U.S. Senior District Judge