**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**RYAN W. MASSENGILL,**

                **Petitioner,**

     **v.**                                              **CASE NO. 21-3155-SAC**

**STATE OF KANSAS,**

                **Respondent.**

## MEMORANDUM AND ORDER

This is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. At the time he filed the petition, Petitioner, who is proceeding pro se, was in jail awaiting a state-court probation revocation hearing. On July 6, 2021, the Court issued a Notice and Order to Show Cause (NOSC) directing Petitioner to explain, on or before August 6, 2021, why the matter should not be dismissed for failure to exhaust available state court remedies. (Doc. 4.) Petitioner promptly filed a response, clarifying the procedural posture of his state-court proceedings. (Doc. 7.) Based on that clarification, the Court issued a second NOSC, directing Petitioner to show cause, on or before August 23, 2021, why this matter should not be dismissed without prejudice under the abstention doctrine in *Younger v. Harris*, 401 U.S. 37, 53-54 (1971). (Doc. 8.)

On August 2, 2021, the Court received a letter from Petitioner that indicated he had not received the second NOSC. (Doc. 9.) Accordingly, the Court directed the Clerk to re-transmit the second NOSC to Petitioner; the Court also extended the deadline for

Petitioner to respond to the second NOSC to October 1, 2021. (Doc. 10.) On September 27, 2021, the Court received a letter from Petitioner, updating the Court on the status of his state-court proceedings. (Doc. 11.) The deadline for any additional response has now passed and, based on the information currently before the Court, the Court will dismiss this matter without prejudice pursuant to *Younger*.

**Background and Analysis**

On January 24, 2020, Petitioner was sentenced in state court to 12 months of probation. (Doc. 7-1, p. 2.) The State of Kansas later alleged that Petitioner violated the terms of his probation and on August 7, 2020, Petitioner attended a hearing regarding that alleged violation. *Id.* The state district court ordered him to serve 14 days in jail and to reenter a residential program when a bed became available. *Id.* The journal entry that memorialized that hearing reflected that the district judge extended Petitioner's probation by three months, but Petitioner contends that no such extension occurred. *Id.* According to Petitioner's calculations, therefore, his term of probation ended on January 24, 2021. (Doc. 7, p. 1.)

On March 15, 2021, the State of Kansas filed a motion to revoke Petitioner's probation, alleging that he had violated the terms of his probation on March 3, 2021. *Id.* Petitioner was arrested on March 31, 2021 and was jailed awaiting a probation revocation hearing. *Id.* at 1-2. On September 14, 2021, Petitioner's probation was revoked and he was sentenced, after which he filed a motion to correct illegal sentence in the state court. (Doc. 11, p. 1.) The state district court denied the motion and Petitioner has indicated

that he is pursuing an appeal in state court. *Id.*

As noted in the NOSC, principles of comity dictate that absent unusual circumstances, a federal court is not to intervene in ongoing state criminal proceedings unless "irreparable injury" is "both great and immediate." *Younger v. Harris*, 401 U.S. 37, 46 (1971). Federal courts must abstain when "(1) the state proceedings are ongoing; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to present the federal constitutional challenges." *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997). Where the three circumstances coexist, abstention is mandatory unless extraordinary circumstances are present. *Brown ex rel. Brown v. Day*, 555 F.3d 882, 888 (10th Cir. 2009) (quoting *Amanatullah v. Co. Bd. of Med. Examiners*, 187 F.3d 1160, 1163 (10th Cir. 1999)).

The three conditions in *Younger* are satisfied here: (1) the direct appeal from the state revocation proceedings is ongoing; (2) the State of Kansas has an important interest in prosecuting crimes charging the violation of Kansas laws, including those that govern probation; and (3) the state courts provide Petitioner the opportunity to present his challenges, including his federal constitutional claims.

The Court has carefully considered Petitioner's filings and liberally construed them, as is proper since Petitioner is proceeding pro se. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed pro se is 'to be liberally construed.'"). Even liberally construed, however, Petitioner's filings do not provide a reason that this Court may intervene in his ongoing state-court proceedings. They mention neither *Younger* nor abstention, and they

do not include any argument against the Court's conclusion *Younger* requires this Court to dismiss the petition.

**Conclusion**

The Court must follow the nondiscretionary abstention doctrine set forth in *Younger* and dismiss this matter without prejudice pursuant to the *Younger* doctrine. The Court also concludes that its procedural ruling in this matter is not subject to debate among jurists of reason and declines to issue a certificate of appealability. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**IT IS THEREFORE ORDERED** that the Petition **is dismissed without prejudice**. No certificate of appealability will issue.

**IT IS SO ORDERED.**

DATED:  This 4th day of October, 2021, at Topeka, Kansas.


S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge